IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN G. WILLIAMS

Petitioner, No. CIV S-11-0878 GGH P

vs.

RANDY GROUNDS,

Respondent. ORDER

_________________________________/

I. Introduction

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is before the undersigned pursuant to both parties' consent. Docs. 4, 8. Pending before the court is respondent's June 24, 2011, motion to dismiss on the grounds that this action is barred by the statute of limitations. Doc. 9. Petitioner filed an opposition on August 15, 2011, and respondent filed a reply. Docs. 13, 18. For the reasons that follow, the motion to dismiss is granted and this case is dismissed.

II. Motion to Dismiss

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

A 1-year period of limitation shall apply to an application for a writ

> of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner was convicted of possession of marijuana in prison and sentenced to a determinate state prison term of four years on September 19, 2007. Lodged Document (Lod. Doc.) 1. On March 30, 2009, the California Court of Appeal, Third Appellate District, affirmed the judgment. Lod. Doc. 2. On June 10, 2009, the California Supreme Court denied review. Lod. Doc. 4. Petitioner's conviction became final 90 days later, on September 8, 2009, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). Time began to run the next day, on September 9, 2009. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner had one year, that is, until September 8, 2010, to file a timely federal petition, absent applicable tolling. The instant action, filed March 29, 2011,[1] is not timely unless petitioner is entitled to statutory or equitable tolling.

\\\\

---

[1] The court affords petitioner application of the mailbox rule as to all his habeas filings in state court and in this federal court. Houston v. Lack, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

Petitioner filed three state post-conviction collateral actions:

1. July 13, 2010: First habeas petition filed in Sacramento County Superior Court. Lod. Doc. 5. The petition was denied on August 4, 2010. Lod. Doc. 6

2. August 11, 2010: Second habeas petition filed in California Court of Appeal, Third Appellate District. Lod. Doc. 7. The petition was denied on August 19, 2010, without comment or citation. Lod. Doc. 5.

3. August 24, 2010: Third habeas petition filed in the California Supreme Court. Lod. Doc. 9. The petition was denied on March 16, 2011, with a citation to See In re Robbins, 18 Cal.4th 770, 780 (1998). Lod. Doc. 10.

Petitioner filed the instant petition on March 29, 2011.

Statutory Tolling

Under AEDPA, the period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitions are properly filed so long as there was no unreasonable delay between the petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the statute of limitations during the intervals between a lower court decision and the filing of a petition in a higher court during one complete round of appellate review ("interval tolling"). See Evans v. Chavis, 546 U.S. 189, 193-94, 126 S.Ct. 846 (2006).

The Supreme Court has explained that in order for a state habeas petition to be "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in compliance with the laws and rules governing such filings. Pace v. DiGuglielmo, 544 U.S. 408, 413-14, 125 S.Ct. 1807 (2005). "[T]ime limits, no matter their form, are 'filing' conditions." Pace v. DiGuglielmo, 544 U.S. at 417. "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414. Under such circumstances, the petitioner is not entitled to statutory tolling. Id. at 417.

Petitioner's first state petition was filed on July 13, 2010, 307 days after conviction became final, and petitioner will not receive tolling for the time that passed before the

petition was filed. However, petitioner will receive tolling from the time the first state petition was filed until the time the second state petition was denied on August 19, 2010, 38 days. Therefore, petitioner had until October 16, 2010, in which to file the instant petition.

Petitioner's final state petition was filed on August 24, 2010, with the California Supreme Court which denied the petition with a citation to See In re Robbins, 18 Cal.4th 770, 780 (1998), on March 16, 2011. Whether petitioner receives tolling for this state court petition is determinative on the statutory tolling issue.

Here, the California Supreme Court citation to In re Robbins indicates that the state court petition was untimely under state law and therefore the petition was not properly filed. See Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (a petition denied as untimely is not properly filed and cannot toll the limitations period); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (a California court's citation to Robbins, 18 Cal.4th at 780, 77 Cal.Rptr.2d 153, 959 P.2d 311, is a "clear ruling" of untimeliness).[2] As the petition was not properly filed, petitioner does not receive tolling while the California Supreme Court petition was pending. Thus, the instant petition filed on March 29, 2011, was filed approximately 164 days past the October 16, 2010, deadline and is therefore untimely, unless petitioner can receive equitable tolling.

Equitable Tolling

The Supreme Court last year held "like all 11 Courts of Appeals that have considered the question ... that § 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2560 (2010). In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (the Ninth Circuit case cited in Holland, supra),

[2] Petitioner's claims would also be procedurally barred. "A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" Walker v. Martin, ___ U.S. ____, 131 S.Ct. 1120, 1127 (2011) (quoting Beard v. Kindler, 538 U.S. ____, 130 S.Ct. 612, 615 (2009)). California's time limitation requiring the filing of petitions seeking habeas relief without "substantial delay" has now been found by the U.S. Supreme Court to be an "independent" and "adequate" state law ground for purposes of the procedural default rule. Walker, 131 S.Ct. at 1128-30.

overruled on other grounds, Calderon v. U. S. District Court (Kelly), 163 F.3d 530 (9th Cir. 1998), itself abrogated by Woodford v. Garceau, 538 U.S.202, 123 S. Ct. 1398 (2003), the Ninth Circuit found that the statute of limitations could be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the petition on time. "In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. at 418, 125 S. Ct. at 1814; Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition). "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]). A petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA] ... lest the exceptions swallow the rule." Id.

Petitioner argues that he should receive equitable tolling from July 14, 2009, to March 29, 2011, due to medical problems, prison transfers and prison lockdowns. Yet, petitioner provides no details regarding the prison transfers or lockdowns. Regarding the medical problems, petitioner states that he was diagnosed with severe peripheral vascular disease on July 14, 2009, and underwent a bilateral emoral popliteal surgery on April 29, 2010, and was in physical therapy between July 9, 2010, and August 23, 2010. For purposes of the instant case, the time between July 13, 2010, and August 24, 2010, is immaterial as that is when petitioner was timely filing his state court habeas petitions. The 307 days between the start of the limitations period and the filing of the first state petition, September 9, 2009 to July 13, 2010, is

the time that is at issue.[3] Other than stating that he had this medical problem, petitioner provides no arguments on how this diagnosis prevented him from timely filing his state petitions and pursuing his rights diligently. Instead, petitioner simply attaches sixty-five pages of medical exhibits. Nevertheless, the court has reviewed the exhibits describing petitioner's medical condition.

It seems that petitioner's peripheral vascular disease results in leg pain from decreased circulation to the legs. See www.med.yale.edu/library/heartbk/17.pdf. The post operation report from Natividad Medical Center indicates that the surgical procedure in April 2010 went well. Opposition, Document 15. Plaintiff was admitted on April 19, 2010, and discharged on April 26, 2010. Opposition, Document 16. There is no indication from plaintiff's exhibits that this medical problem interfered with his ability to diligently pursue this case or why he waited 307 days to file his first state petition.

Respondent has filed additional information regarding petitioner's medical care and a log reflecting petitioner's use of the law library. Lod. Docs. 11, 12. The law library log (Lod. Doc. 11) indicates each day petitioner used the law library. Petitioner used the law library nine day in September 2009, nine days in October 2009, three days in November 2009, ten days in December 2009, nine days in January 2010, four days in February 2010, five days in March 2010, five days in April 2010, four days in May 2010, thirteen days in June 2010 and fourteen days in July 2010. Lod. Doc. 11. While it is not clear what petitioner was working on in the law library, it is quite apparent that petitioner's medical problems did not interfere in his ability to perform legal work.

The only time that petitioner's medical problems impacted him was when he went to the Natividad Medical Center for surgery from April 19-26, 2010. The law library log reflects that petitioner used the law library on April 17, 2010, and did not return to the library until May

[3] The instant petition was filed 164 days beyond the expiration of the statute of limitations.

14, 2010. Even if this few weeks were tolled, it would not aid plaintiff, as his federal petition was more than five months late. Regardless, petitioner has failed to demonstrate exceptional circumstances to warrant equitable tolling. Therefore, this case is dismissed for being filed beyond the statute of limitations.

Accordingly IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (Doc. 9) is granted, the petition is dismissed and this case is closed;

2. A certificate of appealability is not issued in this case.

Dated: November 10, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
will0878.mtd